**IT IS ORDERED**

**Date Entered on Docket: March 27, 2014**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW MEXICO

In re:

Biomoda, Inc., a New Mexico corporation,[1]

                 Debtor.

Chapter 11

No. 13-13768-t11

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING AMENDED PLAN OF REORGANIZATION OF BIOMODA, INC.

---

[1]    The Debtor's address is 609 Broadway NE, Albuquerque, NM, 87102.

## INTRODUCTION

WHEREAS, Biomoda, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), proposed (i) the *Plan of Reorganization of Biomoda, Inc.* [Docket No. 56] (the "Plan"), and (ii) the *Disclosure Statement for Plan of Reorganization of Biomoda, Inc.* [Docket No. 57] (the "Disclosure Statement") dated December 17, 2013;

WHEREAS, the Court, on February 10, 2014, entered its order [Docket No. 90] (the "Solicitation Order") granting the Debtor's *Motion for an Order Approving (a) the Disclosure Statement, (b) Contents of Solicitation Packages, (c) Procedures for the Distribution of Solicitation Packages and the Solicitation and Tabulation of Votes to Accept or Reject the Debtor's Plan of Reorganization, and (d) Certain Related Relief* [Docket No. 62], by which the Court, among other things: approved the Debtor's Amended Disclosure Statement as providing adequate information under Bankruptcy Code section 1125; established procedures for the solicitation and tabulation of votes to accept or reject the Amended Plan; and, scheduled a hearing to consider confirmation of the Amended Plan for March 26, 2014 at 9:00 a.m. (prevailing Mountain time) (the "Confirmation Hearing");

WHEREAS, on February 10, 2014, the Debtor filed (i) the *Amended Plan of Reorganization of Biomoda, Inc.* [Docket No. 89] (as the same may be amended, modified, or supplemented, the "Amended Plan"),[2] and (ii) the *Amended Disclosure Statement for Amended*

---

[2]    Capitalized terms and phrases not defined herein shall have the meanings given to them in the Amended Plan. In addition, any term used in the Amended Plan or this Order (this "Confirmation Order") that is not defined in the Amended Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable. A copy of the Amended Plan is attached hereto as Exhibit A and incorporated herein by reference.

*Plan of Reorganization of Biomoda, Inc.* [Docket No. 88] (the "<u>Amended Disclosure</u> <u>Statement</u>");

WHEREAS, affidavits of service were executed by Kris Cachia, of Cooley LLP, with respect to the mailing of notice of the Confirmation Hearing and solicitation materials with respect to the Amended Plan in accordance with the Solicitation Order (collectively, the "<u>Affidavits of Service</u>") and were filed with the Court on February 14, 2014 [Docket Nos. 93 – 98];

WHEREAS, the Debtor filed the *Summary of Ballot Tabulation for Amended Plan of Reorganization of Biomoda, Inc.* [Docket No. 100] (the "<u>Voting Affidavit</u>") on March 19, 2014, regarding the results of the tabulation of the properly executed and timely received Ballots as follows:

- **<u>Class 1 – Holders of Secured Note Claims</u>.** The Debtor received 11 acceptances out of 11 valid ballots from holders of Secured Note Claims in Class 1.

- **<u>Class 4 – Holders of General Unsecured Claims</u>.** The Debtor received 17 acceptances out of 17 valid ballots from holders of General Unsecured Claims in Class 4.

WHEREAS, on March 19, 2014, the Debtor filed the *Declaration of Maria Zannes in Support of Amended Plan of Reorganization of Biomoda, Inc.* [Docket No. 101] (the "<u>Zannes</u> <u>Declaration</u>");

WHEREAS, the Court has reviewed the Amended Plan, the Solicitation Order, the Voting Affidavit, the Affidavits of Service, the Zannes Declaration, and the other papers before the Court in connection with the confirmation of the Amended Plan;

WHEREAS, the Confirmation Hearing was held on March 26, 2014 at 9:00 a.m. (prevailing Mountain Time) before the Honorable David Thuma, United States Bankruptcy Judge for the District of New Mexico;

WHEREAS, the Court heard the statements of counsel in support of confirmation as reflected in the record made at the Confirmation Hearing;

WHEREAS, the Court has considered all evidence presented at the Confirmation Hearing;

WHEREAS, the Court has taken judicial notice of the papers and pleadings on file in this Chapter 11 Case;

WHEREAS, the Court, after due deliberation and for sufficient cause, finds that the evidence admitted in support of the Amended Plan at the Confirmation Hearing is persuasive and credible;

WHEREAS, the Court made certain findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions shall be deemed to be incorporated herein in their entirety;

NOW, THEREFORE, the Court hereby enters the following Findings of Fact and Conclusions of Law (the "Findings and Conclusions") with respect to confirmation of the Amended Plan.[3]

---

[3] These Findings and Conclusions constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

# I. FINDINGS OF FACT.

## A. COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.

### 1. Section 1129(a)(1) — Compliance of the Amended Plan with Applicable Provisions of the Bankruptcy Code.

The Amended Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123 of the Bankruptcy Code.

#### a. Sections 1122 and 1123(a)(1)-(4) — Classification and Treatment of Claims and Equity Interests.

i. In accordance with section 1122(a) of the Bankruptcy Code, Article 3 of the Amended Plan classifies each Claim against and Equity Interest in the Debtor into a Class containing only substantially similar Claims or Equity Interests. Further, the treatment of each Claim or Equity Interest within a Class is the same as the treatment of each other Claim or Equity Interest in such Class.

ii. In accordance with section 1123(a)(1) of the Bankruptcy Code, Article 3 of the Amended Plan properly classifies all Claims and Equity Interests that require classification. The Amended Plan segregates into separate classes: Secured Note Claims (Class 1, sub-Classes A – L), Other Secured Claims (Class 2), Other Priority Claims (Class 3), General Unsecured Claims (Class 4), Subordinated Claims (Class 5), and Old Equity Interests (Class 6).[4] The number of classes reflects the diverse characteristics of those Claims and Equity Interests, and the legal rights under the Bankruptcy Code of each of the holders of Claims or

---

[4] In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims have not been classified.

Equity Interests within a particular Class are substantially similar to other holders of Claims or Equity Interests within that Class.

iii.    In accordance with section 1123(a)(2) of the Bankruptcy Code, Article 3 of the Amended Plan identifies and describes each Class of Claims or Equity Interests that is not impaired under the Amended Plan. The Amended Plan indicates that Class 3 is unimpaired.

iv.    In accordance with section 1123(a)(3) of the Bankruptcy Code, Article 3 of the Amended Plan identifies and describes any Class of Claims or Equity Interests that is impaired under the Amended Plan. The Amended Plan indicates that Classes 1, 2, 4, 5, and 6 are impaired.

v.    In accordance with section 1123(a)(4) of the Bankruptcy Code, the Amended Plan provides the same treatment for each Claim or Equity Interest of a particular Class unless the holder of such a Claim or Equity Interest agrees to less favorable treatment. (Amended Plan, Article 3).

       **b.**     **Section 1123(a)(5) — Adequate Means for Implementation of the Amended Plan.**

In accordance with section 1123(a)(5) of the Bankruptcy Code, the Amended Plan provides proper and adequate means for its implementation, including, *inter alia*: (i) the appointment of the New Board, (ii) the issuance by the Reorganized Debtor of the New Common Stock, and (iii) the Reorganized Debtor's entry into the Exit Facility.

       **c.**     **Section 1123(a)(6) — Prohibition Against the Issuance of Nonvoting Equity Securities and Adequate Provisions for Voting Power of Classes of Securities.**

No non-voting equity securities will be issued pursuant to the Amended Plan. Accordingly, the Amended Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code.

>  **d.      Section 1123(a)(7) — Selection of Directors and Officers in a Manner Consistent with the Interests of Creditors and Equity Security Holders and Public Policy.**

In accordance with section 1123(a)(7) of the Bankruptcy Code, Article 4 of the Amended Plan states that as of the Effective Date, the New Board will be appointed and the officers of the Debtor immediately prior to the Effective Date will serve as the initial officers of the Reorganized Debtor. As required by section 1123(a)(7) of the Bankruptcy Code, the procedures set forth in Article 4 of the Amended Plan for the appointment of directors and officers for the Reorganized Debtor are in the best interests of creditors, equity holders, and public policy.

>  **e.      Section 1123(a)(8) — Payment of Earnings From Personal Services or Other Income of a Debtor As Necessary for the Execution of the Amended Plan.**

Section 1123(a)(8) of the Bankruptcy Code is not applicable to the Debtor because the Debtor is not an individual.

>  **f.      Section 1123(b) — Permissive Content of the Amended Plan.**

The Amended Plan contains various provisions that may be construed as permissive, but are not required for confirmation under the Bankruptcy Code. As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the applicable provisions of the Bankruptcy Code. Accordingly, the Amended Plan satisfies the requirements of section 1123(b) of the Bankruptcy Code.

i.    Section 1123(b)(1) — Impairment of Claims and Equity Interests. As permitted by section 1123(b)(1) of the Bankruptcy Code, Article 3 of the Amended Plan provides for impairment of Classes 1, 2, 4, 5, and 6, while leaving Class 3 unimpaired.

ii.    Section 1123(b)(2) — Assumption, Assumption and Assignment, or Rejection of Executory Contracts and Unexpired Leases. In accordance with section 1123(b)(2) of the Bankruptcy Code, Article 5 of the Amended Plan provides for the assumption or rejection of executory contracts and unexpired leases of the Debtor that have not been previously assumed or rejected pursuant to section 365 of the Bankruptcy Code and appropriate authorizing orders of the Court; provided, however, that the executory contracts listed on Exhibit C to the Amended Plan shall be deemed assumed by the Debtor as of the Effective Date, subject to the Debtor's payment of any cure costs related to such assumption. The Debtor shall retain its right to reject any of its assumed executory contracts or unexpired leases that are subject to a dispute concerning amounts necessary to cure any defaults through the Effective Date.

iii.    Section 1123(b)(3) — Retention, Enforcement and Settlement of Claims Held by the Debtor. In accordance with section 1123(b)(3) of the Bankruptcy Code, Section 4.1 of the Amended Plan provides for settlement of Claims and Interests.

g.    **Section 1123(d) — Cure of Defaults.**

In accordance with section 1123(d) of the Bankruptcy Code, Article 5 of the Amended Plan provides for the satisfaction of cure amount claims associated with each executory contract

and unexpired lease to be assumed pursuant to the Amended Plan in accordance with section 365(b)(1) of the Bankruptcy Code.

2. **Section 1129(a)(2) — The Debtor's Compliance with Applicable Provisions of the Bankruptcy Code.**

The Debtor has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018. The disclosure of adequate information in the Amended Disclosure Statement and the procedures by which the Ballots for acceptance or rejection of the Amended Plan were solicited and tabulated were fair, properly conducted, and in accordance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and the Solicitation Order. Votes with respect to the Amended Plan were solicited in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order. The Debtor and its directors, officers, employees, agents, members and professionals, acting in such capacity, have acted in "good faith," within the meaning of section 1125(e) of the Bankruptcy Code.

3. **Section 1129(a)(3) — Proposal of the Amended Plan in Good Faith.**

The Debtor proposed the Amended Plan in good faith and not by any means forbidden by law. In determining that the Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Amended Plan. Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Amended Plan has been proposed with the legitimate purpose of maximizing the returns available to holders of Claims and Equity Interests and other parties in interest.

4. **Section 1129(a)(4) — Court Approval of Certain Payments as Reasonable.**

In accordance with section 1129(a)(4) of the Bankruptcy Code, no payment for services or costs and expenses in or in connection with this bankruptcy case, or in connection with the Amended Plan and incident to this bankruptcy case, including payments to Professionals, has been or will be made by the Debtor other than payments that have been authorized by order of the Court. Article 2 of the Amended Plan provides for the payment of Administrative Claims, including Professional Claims, which are subject to the Court's approval and the standards of the Bankruptcy Code. In connection with the foregoing, Article 10 of the Amended Plan provides that the Court will retain jurisdiction after the Effective Date to hear and determine all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Amended Plan for the periods ending on or before the Effective Date.

5. **Section 1129(a)(5) — Disclosure of Identity of Directors and Officers, Compensation of Insiders, and Consistency of Appointment of Directors and Officers with the Interests of Creditors, Equity Security Holders, and Public Policy.**

In the Amended Disclosure Statement, the Amended Plan, and at the Confirmation Hearing the Debtor disclosed all necessary information regarding the Debtor's appointment of directors and officers of the Reorganized Debtor. The appointments in the Amended Plan are consistent with the interests of creditors, equity security holders, and with public policy.

6. **Section 1129(a)(6) — Approval of Rate Changes.**

The Debtor's current business does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after confirmation.

### 7. Section 1129(a)(7) — Best Interests of Holders of Claims and Equity Interests.

Each impaired holder of Claims and Equity Interests that has not accepted the Amended Plan will on account of such Claims and Equity Interests – as demonstrated by the liquidation analysis included as <u>Exhibit IV</u> to the Amended Disclosure Statement – receive or retain property under the Amended Plan having a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The best interests test has been satisfied as to Classes 1, 2, 4, 5, and 6, and is inapplicable to Class 3.

### 8. Section 1129(a)(8) — Acceptance of the Amended Plan by Each Impaired Class.

Pursuant to section 1129(a)(8) of the Bankruptcy Code, all classes of Claims and Equity Interests other than Classes 2, 5, and 6 have either accepted the Amended Plan or are unimpaired. Specifically, Classes 1 and 4 voted to accept the Amended Plan. There are no holders of Claims in Class 2. Class 3 is unimpaired under the Amended Plan and, therefore, is deemed to have accepted the Amended Plan. Holders of Claims and Equity Interests in Classes 5 and 6 will not receive or retain any property under the Amended Plan and are deemed to have rejected the Amended Plan. There are no holders of Claims in Class 5. Accordingly, section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to all Classes other than Class 6. Nonetheless, as explained in Section I.A(17) of these Findings and Conclusions, the Amended Plan satisfies the "cramdown" requirements of section 1129(b) of the Bankruptcy Code necessary to obtain confirmation of the Amended Plan, notwithstanding the deemed rejection by Class 6.

9. **Section 1129(a)(9) — Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

The Amended Plan provides for treatment of Allowed Claims entitled to priority pursuant to section 507(a) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code.

10. **Section 1129(a)(10) — Acceptance By at Least One Impaired Class of Claims.**

Holders of Claims in Class 1 and Class 4 are impaired under the Amended Plan. Both Class 1 and Class 4 voted to accept the Amended Plan. Accordingly, the requirements of section 1129(a)(10) of the Bankruptcy Code are satisfied.

11. **Section 1129(a)(11) — Feasibility of the Amended Plan.**

The Amended Plan is feasible because it: (i) provides the financial wherewithal necessary to implement the Amended Plan; and (ii) offers reasonable assurance that the Amended Plan is workable and has a reasonable likelihood of success. Accordingly, the Amended Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

12. **Section 1129(a)(12) — Payment of Bankruptcy Fees.**

Section 1129(a)(12) of the Bankruptcy Code is satisfied as all fees payable under section 1930 of title 28 of the United States Code either have been paid or will be paid under the terms of the Amended Plan.

13. **Section 1129(a)(13) — Retiree Benefits.**

The Debtor is not obligated to provide any retiree benefits (as defined in section 1114(a) of the Bankruptcy Code). Accordingly, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Amended Plan.

### 14. Section 1129(a)(14) — Domestic Support Obligations.

The Debtor is not obligated to pay any domestic support obligations. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Amended Plan.

### 15. Section 1129(a)(15) — Payment of Unsecured Claims In Case of Individual Debtor.

The Debtor is not an individual. Accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Amended Plan.

### 16. Section 1129(a)(16) — Restrictions on Transfers of Property of Nonprofit Entities.

The Debtor is not a nonprofit corporation or trust. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Amended Plan.

### 17. Section 1129(b) — Confirmation of the Amended Plan Over the Nonacceptance of Impaired Classes.

Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Amended Plan may be confirmed notwithstanding that Class 6 is impaired and deemed to have rejected the Amended Plan pursuant to section 1126(g) of the Bankruptcy Code. First, the Amended Plan satisfies the "fair and equitable" requirement of section 1129(b)(2)(C) with respect to Class 6 because no interest junior to the holders of Old Equity Interests in Class 6 exists, and, accordingly, no holder of any interest junior to holders of Old Equity Interests in Class 6 will receive or retain any property under the Amended Plan on account of any junior interest. Second, the Amended Plan does not "discriminate unfairly" against the holders of Old Equity Interests in Class 6 as required in section 1129(b)(1) because after holders of Allowed General Unsecured Claims are paid in

accordance with the terms of the Amended Plan, there will be no remaining assets of the Debtor to distribute to holders of Allowed Old Equity Interests.

Therefore, the requirements of section 1129(b) are satisfied with respect to Class 6 under the Amended Plan.

### 18.    Section 1129(c) — One Plan.

Other than the Amended Plan (including previous versions thereof), no other plan has been filed in this Chapter 11 Case.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

### 19.    Section 1129(d) — Purpose of Amended Plan.

The principal purpose of the Amended Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, and there has been no filing by any governmental unit asserting such avoidance.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable to the Amended Plan.

## II.    CONCLUSIONS OF LAW.

### A.    JURISDICTION AND VENUE.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of a plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtor was and is qualified to be (i) a debtor under section 109 of the Bankruptcy Code.  Venue of this bankruptcy case in the United States District Court for the District of New Mexico was proper as of the Commencement Date, pursuant to 28 U.S.C. § 1408, and continues to be proper.

**B. COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE.**

As set forth in Section I.A above, the Amended Plan complies in all respects with the applicable requirements of section 1129 of the Bankruptcy Code.

**THE COURT HEREBY ORDERS THAT:**

**III. GENERAL PROVISIONS REGARDING CONFIRMATION OF THE AMENDED PLAN AND APPROVAL OF RELATED DOCUMENTS.**

1.      <u>Order</u>.  The Amended Plan, including the documents submitted in support thereof and any other documents and agreements necessary to implement the Amended Plan are approved and confirmed under section 1129 of the Bankruptcy Code in all respects.

2.      <u>Record Closed</u>.  The record of the Confirmation Hearing is closed.

3.      <u>Objections</u>.  To the extent that any objections to confirmation of the Amended Plan have not been withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved as stated on the record at the Confirmation hearing, they are hereby overruled.

4.      <u>Confirmation</u>.  The Amended Plan (a copy of which is attached hereto as <u>Exhibit A</u>) is hereby approved and confirmed in all respects pursuant to section 1129 of the Bankruptcy Code.  The terms of the Amended Plan are incorporated by reference into this Confirmation Order.  The terms of the Amended Plan shall be effective and binding as of the Effective Date. Notwithstanding the foregoing, if there is any inconsistency between the terms of the Amended Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

5. <u>Amended Plan Modifications</u>.  The Debtor is hereby authorized to amend or modify the Amended Plan at any time prior to the substantial consummation of the Amended Plan, provided that any such modifications or amendments (a) do not materially or adversely change the treatment of any holders of Claims or Equity Interests under the Amended Plan, (b) do not require additional disclosure under section 1125 of the Bankruptcy Code or the re-solicitation of acceptances or rejections of the Amended Plan under section 1126 of the Bankruptcy Code, (c) do not require that holders of Claims and Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Amended Plan, and (d) are hereby approved pursuant to section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019.

6. <u>Amended Plan Classification Controlling</u>.  The classification of Claims and Equity Interests for purposes of distributions under the Amended Plan shall be governed solely by the terms of the Amended Plan.  The classifications included in the Ballots tendered to or returned by the holders of Claims and Equity Interests for purposes of voting on the Amended Plan (a) were included in the Ballots solely for purposes of voting on the Amended Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Equity Interests under the Amended Plan for distribution purposes, (c) may not be relied upon by any holder of a Claim or Equity Interest as representing the actual classifications of such Claims or Equity Interests under the Amended Plan for distribution purposes, and (d) shall not be binding on the Debtor under any circumstances.

7. <u>Solicitation of the Amended Plan and Exemption from Securities Laws</u>.  The Debtor and its representatives and agents have solicited votes on the Amended Plan and have participated in the activities described in section 1125 of the Bankruptcy Code in good faith,

within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations and accordingly, such parties are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

8. <u>Authorization and Direction to Act</u>. Pursuant to section 1142(b) of the Bankruptcy Code, no action of the shareholders, creditors, or directors of the Debtor shall be required to authorize the Debtor (a) to effectuate and carry out the Amended Plan or any order of this Court relating thereto, (b) consummate the transactions contemplated by the Amended Plan or any order of this Court, and (c) take any other action contemplated by the Amended Plan or any order of this Court as may be necessary or appropriate to implement the Amended Plan, and all such actions are hereby authorized, approved, and to the extent taken prior to the Effective Date, ratified in all respects as if they had been authorized or approved by the unanimous actions of the directors and shareholders of the Debtor. This Confirmation Order shall constitute the approval of the Amended Plan and any transactions contemplated thereby.

9. <u>Approval of Documents and General Authorization</u>. All documents and agreements necessary to implement the Amended Plan are in the best interests of the Debtor, the Estate, and the holders of Claims and Equity Interests, have been negotiated in good faith and at arms length, and are approved. The Debtor and its directors, officers, attorneys, and any other authorized representatives are authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the transactions contemplated by the terms and conditions of the Amended Plan on and after entry of this

Confirmation Order, in each case without the need for any further authorizations by the board of directors or others, and without the need for any other actions or approvals that might be required under the Debtor's governance documents, and any or all such documents shall be accepted by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

10.    _Executory Contracts and Unexpired Leases_.  As set forth in Article 5 of the Amended Plan, on the Effective Date, all of the Debtor's executory contracts and unexpired leases will be deemed rejected in accordance with, and subject to, the provisions and requirements of section 365 and 1123 of the Bankruptcy Code, except to the extent the Debtor previously has assumed, assumed and assigned, or rejected such executory contract or unexpired lease.  Notwithstanding the forgoing, the executory contracts listed on _Exhibit C_ to the Amended Plan, as of the Effective Date, shall be deemed assumed by the Debtor, subject to the Debtor's payment of any cure amounts related thereto.  Entry of this Confirmation Order shall constitute approval of all rejections and assumptions of executory contracts and unexpired leases pursuant to Article 5 of the Amended Plan and sections 365(a) and 1123 of the Bankruptcy Code.  If the rejection by the Debtor of an executory contract or an unexpired lease results in damages to the non-debtor counter-party or parties to such executory contract or unexpired lease, a Claim for such damages shall not be enforceable against the Debtor unless a proof of Claim is filed with the Debtor so as to be actually received on or before 30 days after the Effective Date and such date shall be set forth in the Confirmation Notice (defined below).

11.    _Distributions and Claims Reconciliation_.  The provisions of Article 7 of the Amended Plan regarding the Distributions and Article 6 of the Amended Plan regarding the

resolution of Disputed Claims are hereby approved in all respects. From and after the Effective Date, the Reorganized Debtor shall have sole responsibility and authority for disputing, objecting to, compromising, and settling, or otherwise resolving Disputed Claims and for making Distributions with respect to all Allowed Claims.

12. <u>Binding Effect of the Amended Plan</u>. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code and subject to the occurrence of the Effective Date, on and after the Effective Date, the provisions of the Amended Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and such holder's respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Amended Plan and whether or not such holder of a Claim or Equity Interest has voted to accept the Amended Plan.

13. <u>Governmental Approvals</u>. Each federal, state, commonwealth, local, foreign, or other governmental unit is hereby directed and authorized to accept any and all documents, financing statements, and any other instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Amended Plan and this Confirmation Order. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any Governmental Unit with respect to the implementation or consummation of the Amended Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Amended Plan.

14. <u>Bar Date for Administrative Expense Claims and Professional Claims</u>.

a. Except as provided in the immediately following paragraph, requests for payment of Administrative Expense Claims must be filed with the Debtor so as to be received by

the Debtor no later than 30 days after the Effective Date. Holders of Administrative Expense Claims that are required to file and serve a request for payment of such Claims and that do not file and serve a request by such date will be forever barred from asserting such Claims against the Estate. The Confirmation Notice (defined below) shall set forth the bar date for filing Administrative Expense Claims and shall constitute notice of such bar date. Objections to Administrative Expense Claims must be filed by the later of (i) 90 days after the Effective Date or (ii) 60 days after the filing of such Administrative Expense Claims pursuant to Article 1.2 of the Amended Plan and such date shall be set forth in the Confirmation Notice.

b. Professionals or other entities asserting a fee Claim for services rendered through the Effective Date must file and serve on the United States Trustee, the Debtor, and its counsel, an application for final allowance of such fee Claim no later than 30 days after the Effective Date. Objections to any fee Claim must be filed and served on the parties that were served with such application and the requesting party 21 days after the filing of the applicable request for payment of the fee Claim. The deadline for filing fee Claims shall be set forth in the Confirmation Notice. For the avoidance of doubt and without limiting the foregoing, the Reorganized Debtor may pay the charges incurred by the Reorganized Debtor on and after the Effective Date for any Professionals' fees, disbursements, expenses or related support services without application to or approval by the Bankruptcy Court.

15. <u>Payment of Statutory Fees</u>. All fees payable on or before the Effective Date pursuant to section 1930 of Title 28 of the United States Code shall be paid by the Debtor on or before the Effective Date. From and after the Effective Date, the Reorganized Debtor shall pay

the fees assessed against the Estate until such time as the Chapter 11 Case is closed, dismissed, or converted.

16.     <u>Res Judicata Effect</u>.  The entry of this Confirmation Order shall not have any res judicata or other preclusive effect with respect to any Claims or causes of action that are preserved under the Amended Plan, this Confirmation Order or another Final Order of the Bankruptcy Court entered prior to the Confirmation Hearing, and entry of this Confirmation Order shall not be deemed a bar to asserting such causes of action.

17.     <u>Retention of Jurisdiction</u>.  Pursuant to section 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, except as otherwise provided by applicable law, retain jurisdiction of the Chapter 11 Case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until the entry of a final decree closing the Chapter 11 Case, with respect to the matters set forth in Article 10 of the Amended Plan.

18.     <u>Reference to and Validity and Enforceability of Amended Plan Provisions</u>.  The failure to reference any particular provision of the Amended Plan in this Confirmation Order shall have no effect on the binding effect, enforceability or legality of such provisions and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Amended Plan.  Each term and provision of the Amended Plan is valid and enforceable pursuant to its terms and is specifically approved pursuant to this Confirmation Order even if not referenced herein.

19.     <u>Notice of Entry of this Confirmation Order</u>. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Reorganized Debtor is directed to cause to be served, within 5

business days after the occurrence of the Effective Date, a notice of the entry of this Confirmation Order, which shall include notice of the bar dates established by the Amended Plan and this Confirmation Order and notice of the Effective Date, substantially in the form of Exhibit B attached hereto and incorporated herein by reference (the "Confirmation Notice"), on all parties that received notice of the Confirmation Hearing; provided, however, that the Reorganized Debtor shall be obligated to serve the Confirmation Notice only on the record holders of Claims or Old Equity Interests as of the Confirmation Date; provided, further, that the Reorganized Debtor shall not be required to serve the Confirmation Notice on any holder of Claims or Equity Interests where the prior service of the notice of the Confirmation Hearing was returned to the Debtor as undeliverable and no forwarding address has been provided.  Such actual notice of entry of the Confirmation Order shall have the effect of an order of the Court and shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), and no other or further notice of entry of this Confirmation Order need be given.

20.     Reversal or Vacatur.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Amended Plan prior to the Debtor's or Reorganized Debtor's receipt of written notice of any such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date

of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Amended Plan or any amendments or modifications thereto.

21. <u>Effectiveness of Order</u>. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 6006(d) or any other provision of the Bankruptcy Code or the Bankruptcy Rules, this Confirmation Order shall not be stayed and shall be effective immediately upon its entry. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon entry hereof.

### END OF ORDER ###

SUBMITTED BY:

**KELEHER & MCLEOD, P.A.**

<u>/s/ Deron B. Knoner</u>
Deron B. Knoner
P.O. Box AA
Albuquerque, New Mexico 87102
Tel: (505) 346-4646
Fax: (505) 346-1370

NEW MEXICO ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION

    -and-

**COOLEY LLP**
Keith McDaniels (admitted pro hac vice)
Lesley A. Kroupa (admitted pro hac vice)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

LEAD ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION

**EXHIBIT A**

**AMENDED PLAN OF REORGANIZATION OF BIOMODA, INC.**

105460830 v3

## EXHIBIT B

## CONFIRMATION NOTICE

105460830 v3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW MEXICO

In re:

Biomoda, Inc., a New Mexico corporation,[1]

Debtor.

Chapter 11

No. 13-13768-t11

Re: Docket No. ____

## NOTICE OF ENTRY OF CONFIRMATION ORDER AND BAR DATES

**PLEASE TAKE NOTICE** that on March [__], 2014 (the "Confirmation Date"), the United States Bankruptcy Court for the District of New Mexico (the "Bankruptcy Court") entered its *Findings of Fact, Conclusions of Law, and Order Confirming Amended Plan of Reorganization of Biomoda, Inc.* (the "Confirmation Order") [Docket No. [____]] confirming the *Amended Plan of Reorganization of Biomoda, Inc.* (the "Amended Plan")[2] attached to the Confirmation Order as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that any creditor or other interested party may review the Confirmation Order at the Office of the Clerk, United States Bankruptcy Court for the District of New Mexico, Dennis Chavez Federal Building, 500 Gold Avenue SW, Tenth Floor, Albuquerque, New Mexico 87102. A copy of the Confirmation Order may also be obtained upon written request from: Keleher & McLeod, P.A., P.O. Box AA, Albuquerque, NM 87102 (Attn: Deron Knoner) or by accessing the website for the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Amended Plan became effective on April [____], 2014 (the "Effective Date").

## Bar Date for Administrative Expense Claims:

**PLEASE TAKE FURTHER NOTICE** that all holders of Administrative Expense Claims accruing from November 20, 2013 through the Effective Date, other than Professional's fee Claims, shall serve requests for payment on: (a) counsel to the Debtor, Keleher & McLeod, P.A., P.O. Box AA, Albuquerque, NM 87102 (Attn: Deron Knoner); and (ii) the Office of the United States Trustee for the District of New Mexico, P.O. Box 608, Albuquerque, NM 87103 (Attn: Alice Page). Requests for payment must include: (a) the name of the holder of the Administrative Claim, (b) the amount of the Administrative Claim, (c) the basis of the Administrative Claim, and (d) supporting documentation for the Administrative Claim. Requests

---

[1] The Debtor's address is 609 Broadway NE, Albuquerque, NM, 87102.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Amended Plan.

105460830 v3

for payment must be in writing and must be delivered **so as to actually be received on or before [____], 2014** (the "Administrative Expense Claims Bar Date"). **ANY SUCH ADMINISTRATIVE CLAIM NOT FILED BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE SHALL BE DEEMED WAIVED AND THE HOLDER OF SUCH CLAIM SHALL BE FOREVER BARRED FROM RECEIVING PAYMENT ON ACCOUNT THEREOF.** The Reorganized Debtor shall have until the later of (i) 90 days after the Effective Date or (ii) 60 days after the filing of such Administrative Expense Claims (or such longer period as may be allowed by order of the Bankruptcy Court) to review and object to such Administrative Expense Claims.

**Bar Date for Claims for Professional Fees:**

**PLEASE TAKE FURTHER NOTICE** that all entities seeking an award by the Bankruptcy Court of Professional fee Claims, or of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under Sections 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code, shall file and serve their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date **so as to actually be received on or before [____], 2014** (the "Professional Fees Claims Bar Date"). Such final applications must be served on: (a) the Reorganized Debtor, 609 Broadway NE, Albuquerque, NM, 87102; (b) counsel to the Debtor, Cooley LLP, 101 California St., 5th Fl., San Francisco, CA 94111 (Attn: Keith McDaniels) and Keleher & McLeod, P.A., P.O. Box AA, Albuquerque, NM 87102 (Attn: Deron Knoner); (c) the Office of the United States Trustee for the District of New Mexico, P.O. Box 608, Albuquerque, NM 87103 (Attn: Alice Page); and (d) and all parties who have requested notice pursuant to Bankruptcy Rule 2002. **ANY SUCH CLAIM FOR PROFESSIONAL FEES NOT FILED BY THE PROFESSIONAL FEES CLAIMS BAR DATE SHALL BE DEEMED WAIVED AND THE HOLDER OF SUCH CLAIM FOR PROFESSIONAL FEES SHALL BE FOREVER BARRED FROM RECEIVING PAYMENT ON ACCOUNT THEREOF.** Objections to any fee Claim must be filed and served on the parties that were served with such application and the requesting party **21 days** after the filing of the applicable request for payment of the fee Claim or upon such date provided for by order of the Bankruptcy Court.

**Bar Date for Rejection Damage Claims:**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Article 5 of the Amended Plan, all holders of Claims for damages resulting from the Debtor's rejection of an executory contract or unexpired lease shall serve requests for payment on: (a) counsel to the Debtor, Keleher & McLeod, P.A., P.O. Box AA, Albuquerque, NM 87102 (Attn: Deron Knoner); and (b) the Office of the United States Trustee for the District of New Mexico, P.O. Box 608, Albuquerque, NM 87103 (Attn: Alice Page). Requests for payment must include: (a) the name of the holder of the Claim for rejection damages, (b) the amount of the Claim for rejection damages, (c) the basis of the Claim for rejection damages, and (d) supporting documentation for the Claim for rejection damages. Requests for payment must be in writing and must be delivered **so as to actually be received on or before [____], 2014** (the "Rejection Damages Claims Bar Date"). **ANY SUCH CLAIM FOR REJECTION DAMAGES NOT FILED BY THE REJECTION DAMAGES**

Case 13-13768-t11    Doc 107    Filed 03/27/14    Entered 03/27/14 12:03:55 Page 27 of 28

**CLAIMS BAR DATE SHALL BE DEEMED WAIVED AND THE HOLDER OF SUCH CLAIM SHALL BE FOREVER BARRED FROM RECEIVING PAYMENT ON ACCOUNT THEREOF.** The Reorganized Debtor shall have 180 days (or such longer period as may be allowed by order of the Bankruptcy Court) after the Effective Date to review and object to such Claims.

Dated: April [___], 2014
       Albuquerque, New Mexico

**KELEHER & MCLEOD, P.A.**

/s/ Deron B. Knoner
Deron B. Knoner
P.O. Box AA
Albuquerque, New Mexico 87102
Tel: (505) 346-4646
Fax: (505) 346-1370

NEW MEXICO ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION

-and-

**COOLEY LLP**
Keith McDaniels (admitted *pro hac vice*)
Lesley A. Kroupa (admitted *pro hac vice*)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

LEAD ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION